## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

v.                                          **No. 4:12-cr-7-DPM-2**

**ANAS N. ATRACH, a/k/a**
**ANDRE, a/k/a TAZ**                                         **DEFENDANT**

### PRELIMINARY ORDER OF FORFEITURE

**1.**  As the result of Atrach's guilty plea to Count 1 of the Superseding

Indictment and his stipulation, Atrach shall forfeit to the United States all

property derived from any proceeds obtained, directly or indirectly, in

violation of 31 U.S.C. § 5324. This property is one 2011 Cadillac Escalade, VIN

1GYS4DEF0BR343479.   FED. R. CRIM. P. 32.2(b)(1)(A).   The Court has

determined, based on the evidence already in the record, that the property is

subject to forfeiture under 21 U.S.C. § 853 and 28 U.S.C. § 2461(c), and that the

government has established the requisite nexus between the property and the

offense charged in Count 1.

**2.**  The United States Attorney General (or a designee) is authorized to

seize the property, and to conduct any discovery proper in identifying,

locating, or disposing of the property, in accordance with FED. R. CRIM. P.

32.2(b)(3).  The Attorney General (or a designee) may also commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3. The United States shall publish notice of this Order and its intent to dispose of the property in a manner prescribed by FED. R. CRIM. P. 32.2(b)(6) and Supplemental Rule G(4)(a) of the Federal Rules of Civil Procedure. The United States must send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture pursuant to FED. R. CRIM. P. 32.2(b)(6) and Supplemental Rule G(4)(b) of the Federal Rules of Civil Procedure.

4. Any person, other than Atrach, asserting a legal interest in the property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of her alleged interest in the property, and for an amendment of this Order.  18 U.S.C. § 2253(b) (incorporating 21 U.S.C. § 853(n)); FED. R. CRIM. P. 32.2(c)(1).

5. Atrach consented to forfeiture as part of his guilty plea. This Order shall become final as to him no later than at the time of sentencing, and shall

-2-

be made part of the sentence and included in the judgment. FED. R. CRIM. P. 32.2(b)(4)(A). If no third party files a timely claim, this Order shall become a final order of forfeiture. FED. R. CRIM. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

7. After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure if the Court determines that discovery is necessary or desirable to resolve factual issues. FED. R. CRIM. P. 32.2(c)(1)(B).

8. The United States shall have clear title to the property after the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions.

-3-

9. The Court retains jurisdiction to enforce this Order and to amend it

as necessary. FED. R. CRIM. P. 32.2(e).

So Ordered.

D.P. Marshall Jr.
United States District Judge

11 April 2014